UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Richard M. Osborne, Trustee,** | ) | **CASE NO. 1:10 CV 1595** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Madison Township, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendants' motions to dismiss (Docs. 7 and 8) for lack of subject matter jurisdiction. This is a dispute regarding the unconstitutional taking of real property. For the reasons that follow, the motions to dismiss are GRANTED.

**FACTS**

The following facts are taken from the complaint and the briefs. Plaintiff, Richard M. Osborne, Trustee, brings this action against defendants, Madison Township and the Ohio Department of Transportation (hereinafter "ODOT"), alleging that certain decisions made by these entities constitute an unconstitutional taking of real property. Plaintiff owns in trust a

1

parcel of vacant commercial land in Madison Township.  The land has had at all relevant times two existing access points in the form of curb cuts on State Route 20.

Plaintiff submitted site plans for the development of the property using both curb cuts to defendants.  Plaintiff alleges that defendants approved the plans using only one limited-access entrance to the property.  Plaintiff further alleges that owners of other newly developed properties in the area are being granted full, unfettered multiple access points to their properties via curb cuts on State Route 20.  Plaintiff alleges that he lodged complaints with defendants regarding this issue, but defendants continue to deny full access to the property, instead offering alternatives to full access.

Plaintiff filed an administrative appeal of defendants' decisions in the Court of Common Pleas of Franklin County.  The appeal was dismissed for lack of subject matter jurisdiction after the court found that neither Madison Township nor ODOT issued final appealable decisions as to the alleged restrictions on the use of plaintiff's property.

The complaint contains six counts for relief.  Count one is a claim that plaintiff is suffering ongoing harm and irreparable injury and has no adequate remedy at law against the actions of defendants. Count two is a claim for an unconstitutional taking of plaintiff's property. Count three is a claim for declaratory judgment.  Count four is a claim that defendants acted unconstitutionally under color of state law and deprived plaintiff of his rights and privileges under the law.  Count five is a claim for violations of state law.  Count six is a claim for a writ of mandamus directing ODOT to commence condemnation proceedings and to compensate plaintiff for the unconstitutional taking of his property.

Defendants move to dismiss the complaint, arguing that the Court lacks subject matter

jurisdiction.  Plaintiff opposes the motion.

### STANDARD OF REVIEW

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint.  *Id*.  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party.  *Id*.  Factual attacks, however, challenge the actual fact of the court's jurisdiction.  *Id*.  In such cases, the court is free to weigh any evidence properly before it to satisfy itself as to the existence of its power to hear the case.  *Id.  See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### ANALYSIS

Federal courts have jurisdiction only over suits that present an actual case or controversy.  U.S. Const. art. III, § 2.  A case or controversy does not exist until the claim is ripe.  *Arnett v. Myers,* 281 F.3d 552, 562 (6th Cir. 2002).  A claim for a governmental taking of property without just compensation is not ripe until 1) "'the government entity charged with implementing the regulations [which effected the taking] has reached a final decision regarding the application of the regulations to the property at issue'"; and 2) "the property owner has used the proper state procedures and the state has failed to provide just compensation for the taking."  *Crosby v. Pickaway County Gen. Health Dist.,* 303 Fed. Appx. 251, 259 (6th Cir. 2008) (quoting

*Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 186 (1985)). A property owner may only be exempted from seeking state remedies if he can demonstrate that state remedies are inadequate. *Id.*

Whether a government entity's decision is final is a mixed question of law and fact that is decided under federal law. *Id.* at 260. The Sixth Circuit has further explained:

> *Williamson County* prong-one ripeness is a factual determination, taking into account all relevant statutes, ordinances, and regulations, that the decisionmaker has arrived at a final determination with respect to the permit applicant's use of her property, and that the determination is one which will allow a court to determine whether a regulatory taking has taken place.

*DLX, Inc. v. Kentucky,* 381 F.3d 511, 525 (6th Cir. 2004). Additionally, any state court determination that a decision is final is not entitled to deference nor does it have a preclusive effect, as the state court's determination of finality is made under a separate legal standard. *Crosby,* 303 Fed. Appx. at 261 n.7.[1]

The Sixth Circuit has also held that "Ohio has reasonable, certain, and adequate procedures for plaintiffs to pursue compensation for an involuntary taking." *Coles v. Granville,* 448 F.3d 853, 865 (6th Cir. 2006). These procedures include filing a petition for writ of mandamus in state court to force the government entity to proceed with the correct appropriation procedure:

> Ohio does not have an inverse condemnation or other direct,

---

[1] The *Crosby* Court stated: "Although the district court and state court came to different conclusions about 'finality,' the district court was not obliged to adopt the state court's definition of finality nor was the state court obliged to defer to the district court's earlier determination of the matter. The reason is that the two standards of 'finality' are actually distinct legal inquiries. Thus, there is no need to delve into the complicated subjects of issue preclusion, comity, or deference."

4

> statutory cause of action for plaintiffs seeking just compensation for a taking. Rather, Ohio law provides a statutory mechanism by which the government actor seeking to take property is under a duty to bring an appropriation proceeding against the landowner. *See* Ohio Rev. Code §§ 163.01-163.62; *Shemo v. City of Mayfield Heights,* 95 Ohio St. 3d 59, 2002 Ohio 1627, 765 N.E.2d 345, 350 (Ohio 2002). A property owner who believes that his property has been taken in the absence of such an appropriation proceeding may initiate a mandamus action in Ohio court to force the government actor into the correct appropriation proceeding. *Id.*

*Id.* at 861. Accordingly, a plaintiff in Ohio must show that he has used these procedures and that the state has failed to compensate him.

Defendant ODOT argues that plaintiff's Fifth Amendment takings claim is not ripe because he has not pursued a writ of mandamus in state court. ODOT also argues that plaintiff's claims for money damages against it are barred by sovereign immunity under the Eleventh Amendment of the United States Constitution. Defendant Madison Township argues that no subject matter jurisdiction exists because plaintiff failed to allege state action on the part of Madison Township.[2]

Plaintiff responds to defendant ODOT's motion by arguing that plaintiff is under no obligation to exhaust his remedies in state court before filing a mandamus action in this Court. Plaintiff also argues that defendant ODOT is not immune from suit because it has consented to be sued under Ohio Rev. Code § 5501.22, and also because in denying plaintiff access to his property, ODOT engaged in a discretionary ministerial action for which it may be held liable.

---

[2] Madison Township also argues that the issue of whether it engaged in conduct leading to plaintiff's alleged loss is precluded by the state court's decision to dismiss plaintiff's administrative appeal of ODOT's decision, holding that the Township made no final decision on plaintiff's use of property that could be appealed. The state court's decision on finality, however, has no preclusive effect on plaintiff's takings claim. *See supra* at note 1.

Plaintiff responds to defendant Madison Township's motion by arguing that plaintiff's complaint gave the Township proper notice of his claims. Plaintiff finally argues that both defendants refuse to formally take any position on the restrictions on access to his property, thus the matter is ripe for this Court to review and issue a ruling.

Defendant ODOT replies that while administrative exhaustion or exhaustion of review procedures is not required for ripeness in § 1983 actions, an action for just compensation or inverse or reverse condemnation is not an administrative or review procedure and is required for a federal takings claim to be ripe. ODOT further argues that the language of Ohio Rev. Code. § 5501.22 does not confer federal court jurisdiction on ODOT, nor can ODOT be sued for money damages under § 1983. Defendant Madison Township reasserts its original arguments on reply.

Upon review, the Court finds that it lacks subject matter jurisdiction in this case as plaintiff's claim that defendants took his property without just compensation is not yet ripe. Although plaintiff is correct that no requirement exists that plaintiff exhaust administrative remedies or review procedures prior to bringing a Fifth Amendment takings claim, *DLX,* 381 F.3d at 518-519, a petition for writ of mandamus to force a government actor to initiate the correct appropriation proceeding under Ohio Rev. Code §§ 163.01-163.62 is not an administrative remedy or review procedure. *See id.* (holding that an action for just compensation or inverse condemnation is not an administrative remedy or review procedure). It is well-settled that such an action is required at the state court level, as "no violation of the Fifth Amendment attaches until a plaintiff 'has used the procedure and been denied just compensation.'" *Id.* at 519. Unlike the plaintiff in *DLX,* plaintiff in this case has not filed a state-court takings claim

asking for just compensation.  *Id.* at 515.

Plaintiff argues that his takings claim is ripe in this Court because defendants refuse to come to a final decision regarding the restrictions on the use of his property.  In support, plaintiff cites both to the state court's opinion dismissing the administrative appeal and to *DLX*.  The opinion states in a footnote:  "In the event no appellate avenue exists to address curb-cuts and restrictions on in-and-out access to U.S. 20, the landowner may be required to seek relief by means of an extraordinary writ of Mandamus premised upon a taking of property by the state due to excessive restriction upon access to private property."  *Osborne v. Ohio Dept. of Trans.*, Franklin C.P. No. 08CVF-10-15523 (July 20, 2009).  This footnote, however, does not give this Court jurisdiction over plaintiff's request for mandamus where plaintiff has not yet pursued compensation under state law procedures.

Similarly, the plaintiff in *DLX* filed a state-court takings claim, which the Supreme Court of Kentucky ultimately dismissed after finding the plaintiff failed to exhaust its administrative remedies, and the court was thus without jurisdiction to hear the takings claim.  The Sixth Circuit found that the claim was ripe as the plaintiff had been denied just compensation in a state suit because it sought compensation and none was awarded.  The court stated:

> That the decision was not "on the merits" in the strictest sense does not mitigate DLX's injury; its property has allegedly been taken through denial of its permit application, and an attempt to remedy that injury in the state court has been defeated by a rule of state law.  DLX has no more remedy to seek in state court; the time for application for review of the Cabinet's decision is long past, and any state-court action it files will be dismissed for want of exhaustion.  DLX has been denied a federal right through the operation of a state procedural rule without analogue in federal law, and its complaint is ripe.

*DLX,* 381 F.3d at 519.  Plaintiff in this case is attempting to analogize his administrative appeal

7

of defendants' decisions to the Kentucky Supreme Court's decision to dismiss DLX's case for lack of subject matter jurisdiction.  In this case, unlike the takings claim filed by the plaintiff in *DLX,* plaintiff's administrative appeal was not an appropriate state action for just compensation and plaintiff still has a remedy to seek in state court.  Accordingly, his Fifth Amendment takings claim is not yet ripe for consideration by this Court and is dismissed.

To the extent plaintiff asserts other federal claims in his complaint, such as the declaratory judgment claim under count four, these claims arise from the same common nucleus and are ancillary to plaintiff's Fifth Amendment takings claim, and therefore are also not yet ripe.  *See Ardire v. Rump,* 996 F.2d 1214, *14-15 (6th Cir. 1993) (holding that plaintiff's due process claim, which arose from the same nucleus of facts as his takings claim, was ancillary to the takings claim and subject to the same ripeness requirements).  Given the lack of subject matter jurisdiction, plaintiff's state law claims are also dismissed.  The Court finds it unnecessary to reach Madison Township's remaining arguments relating to plaintiff's failure to allege state action or to ODOT's arguments relating to Eleventh Amendment immunity.

**CONCLUSION**

For the foregoing reasons, defendants' Motions to Dismiss are GRANTED.

IT IS SO ORDERED.

Date:     10/28/10    /s/Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge